**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

BOSTON, MA                                    CIVIL ACTION NO.: 1:21-CV-11877-DJC

| | |
|---|---|
| Lucas Semedo, "for himself and for others similarly situated" <br> Plaintiff, | ) <br> ) <br> ) <br> ) |
| v. | ) <br> ) |
| L & L Contracting, Inc. <br> and <br> Kimberly J. Locke <br> Defendants. | ) <br> ) <br> ) <br> ) |

**LOCAL RULE 7.1 CERTIFICATE OF CONFERENCE**
The parties conferred on January 31, 2022, and narrowed the issues (e.g., ¶2 below).

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**
**&**
**REMAND THIS MATTER TO THE STATE SUPERIOR COURT**

Plaintiff moves that the Court grant him leave to amend his original complaint, which will remove the sole basis for federal court jurisdiction, i.e., the Employment Retirement Income Security Act ("ERISA") claim (6th Claim, page 7 (D. 1-1)). Plaintiff also moves that this Court remand his remaining claims to the original state superior court.

In support, Plaintiff further states as follows:

1. Plaintiff provides a "Proposed 1st Amended Complaint" at Exhibit A. It removes the ERISA claim, i.e., the 6th Claim. *Id.*

2. As to a remand: The parties conferred under Local Rule 7.1 and agree that, "if the Court allows the amendment to remove the ERISA claim, Defendants will not oppose a remand."

3. Stripped to its essentials, Plaintiff's Complaint seeks damages for unpaid wages. He performed labor on State-based public works construction projects governed by the General

Laws of Massachusetts at Chapter 149 § 27 ("Prevailing Wage Law"), and he alleges retaliatory discharge for having complained of his wage underpayments.

4. Plaintiff also alleges that Defendants failed to pay others similarly situated (a yet to be determined or certified class) for labor performed on about 20 construction projects.

5. Plaintiff further alleged that Defendants utilized an ERISA plan scheme to untimely and wrongly deduct contributions for an ERISA plan and deny Plaintiff and others wages timely.

6. In state court, Plaintiff served his Complaint on Defendants with ERISA document requests back in October 2021.

7. Defendants removed. Plaintiff resent the exact same ERISA requests and received ERISA documents on January 27, 2022 (106 days after the original request).

8. Once Plaintiff finally obtained ERISA documents, he considered the energy and expense, e.g., legal fees, costs, and time required to prove at trial an ERISA-based claim and damages, juxtaposed against treble damages mandated on his state law claims. Hence, Plaintiff seeks to rely solely on his remaining state law claims.

9. This case is newly filed. As soon as Plaintiff saw the ERISA documents, he acted to remove the ERISA claim within hours. The Parties exchanged Initial Disclosures just a few days ago and conferred on this Motion. Before that, this Court held a scheduling conference fewer than 30 days ago, on January 10, 2022. (D. 21). Hence, discovery remains in its initial phases.

10. Removing the only federal claim will not prejudice any party. Had the case stayed in state court, the same energy to obtain the ERISA material would have resulted, except the ERISA claim might have ended in state court months ago. Indeed, removing the ERISA claim, makes the case easier for discovery, analysis, motion practice, and for depositions on just the remaining state law claims.

11. No surprise results. Plaintiff made clear during the Scheduling Conference that he need only have to look at the ERISA material to determine whether to continue with his ERISA claim or seek a remand. Upon receipt of that material, January 27, 2022, Plaintiff immediately sought a Local Rule 7.1 conference.

12. The Scheduling Order (D. 21) recites February 28, 2022, as the deadline to amend the Complaint. And, during the conference for that Scheduling Order, the Court made clear that the deadline could be extended if motion exchanges over ERISA document production ensued. None ensued. Plaintiff's instant Motion is, therefore, timely, without undue delay or surprise, and causes no harm to Defendants.

## LAW AND FURTHER ARGUMENT

Amend

The Federal Rules of Civil Procedure, at Rule 15(a)(2), provide that the Court should "freely give leave" to amend a pleading when "justice so requires." Fed. R. Civ. P. 15(a)(2); see also *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In general, leave should be freely given if, in the court's view, 'justice so requires'." *Miceli v. JetBlue Airways Corp.*, 914 F.3d 73, 86 (1st Cir. 2019) (distinguishing standards for motions filed pre-scheduling order deadline from post-deadline motions). Except in cases of futility, bad faith, undue delay or dilatory motive, leave is freely given. *Foman v. Davis*, *supra* (reversing denial to amend)*; U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188 (1st Cir. 2015) (vacating & remanding trial court's refusal to allow a 4th amended complaint, as it wrongly applied a "good cause.", i.e., a post-scheduling order standard).

Here, Plaintiff acted as soon as he could and well before the Court's deadline to amend the pleadings, i.e., February 28, 2022. Defendants produced documents only when required by federal procedural rules. Hence, Plaintiff committed no undue delay and did not engage in

3

dilatory conduct. He served requests for ERISA documents with the Complaint in state court over 90 days ago. He received them only a few days ago. Plaintiff acted in good faith to learn timely the value of his ERISA claim. He took fewer than 24 hours to learn that ERISA does not provide Plaintiff with value worth his expense and energy, juxtaposed against his wage related damages.

Justice, too, demands allowing the Motion. There exist reasons for Defendants' tactic in removing and not producing ERISA documents until the last day possible. Procedurally, it kept the case in federal court longer, and allowed delay. Federal Rule 23 acts differently upon a potential wage class action; it provides advantages for an employer defendant to pay-off potential claims to defeat a class. In short: Federal Rule 23 allows an opt-out option, the State Rule 23 does not. *Fletcher v. Cape Cod Gas Co.*, 394 Mass. 595, 602 (1985) (distinguishing State Rule 23 from Federal Rule 23 regarding opt-out/opt-in options); *Blake v. Hometown America Communities, Inc.*, 486 Mass. 268, 279 (2020); see also, *Grogan v. All My Sons Moving and Storage Business Development*, 2021 WL 2627972 (D. Mass. 2021) (Saris, J.) citing *Garcia v. E.J. Amusements of N.H.*, 98 F.Supp.3d 277, 283 (D. Mass. 2015) (applying Federal Rule 23).

Typically, in wage claims employers seek to pay-off employees who they failed to properly pay and who may become part of an upcoming class action. *Patel v. 7-Eleven, Inc.*, 322 F.Supp.3d 244, 250-254 (D. Mass. 2018) (Gorton, J) (denying injunctive relief to Plaintiff for employer's paying and obtaining releases from employees within class); but see *Ferman v. Sturgis Cleaners, Inc.,* 481 Mass. 488, 494 (2019) (warning lower courts against employers' "increased occurrences" of wage claim post-complaint tactical payments to defeat class claims.)[1]

---

[1] "(…[I]ncreased occurrences of "strategic capitulation" in which 'defendants faced with likely adverse judgments attempt to moot the case and to defeat the plaintiff's fee petition by providing the requested relief before judgment'). If such settlements did not result in the obligation to pay attorney's fees, there

4

As alluded to in *Ferman*, in federal wage class actions, employers can easily sway employees to opt out, receive immediate payment, and sign a release. Employers rule over employees especially on Prevailing Wage Law projects where construction workers' wages exceed $65 per hour. Construction workers need that money; Prevailing Wages are the best most of them have ever earned. Accordingly, *Ferman's* warnings apply more acutely here.

Here, the action is early, and Defendants denied (D. 13, ¶¶ 49-53) that Plaintiff has an ERISA claim. Now, Defendants seek to keep the state claims in federal court and defeat the class. But, the state Wage Act seeks to protect employees and society against such employer tactics. The purpose of the Wage Act is "to prevent the unreasonable detention of wages." *Boston Police Patrolmen's Ass'n, Inc., v. City of Boston,* 435 Mass. 718, 720 (2002), citing *American Mut. Liab. Ins. Co. v. Commissioner of Labor & Indus.,* 340 Mass. 144, 147 (1959). "The statute was intended and designed to protect wage earners from the long-term detention of wages by unscrupulous employers as well as protect society from irresponsible employees who receive and spend lump sum wages." *Cumpata v. Blue Cross Blue Shield of Mass., Inc.,* 113 F.Supp.2d 164, 167 (D. Mass. 2000) (underline added) (internal citations omitted); see also, *Melia v. Zenhire, Inc.,* 462 Mass. 164, 170 (2012). The 'justice' component analysis, therefore, should focus on Plaintiff, other employees, and society's interests, not Defendants' tactics to stay in federal court, which would amount to forum shopping.

---

would be a disincentive to bring such cases in the first place, thereby leaving other unlawful conduct unaddressed and uncorrected. See id. at 1130. Consequently, the catalyst test best promotes the purposes of fee-shifting statutes by encouraging attorneys to take cases under such statutes to correct unlawful conduct and rewarding them accordingly when they do so. See Augustine, 470 Mass. at 842, 26 N.E.3d 709. See also Buckhannon, 532 U.S. at 623, 121 S.Ct. 1835 (Ginsburg, J., dissenting) (explaining that catalyst test encourages enforcement by "private attorneys general")." *Ferman v. Sturgis Cleaners, Inc.*, at 494.

To protect employees and society's interests, including Plaintiff's, justice requires that the Motion to Amend be ALLOWED.

Remand

Assuming *arguendo* that this Court allows Plaintiff's Motion to Amend, the case should be remanded. Even Defendants agree that "if the Court allows the amendment to remove the ERISA claim, Defendants will not oppose a remand."

"When any and all federal claims have been dismissed prior to trial, 'the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity' [citation omitted] often will counsel in favor of declining jurisdiction over any remaining state-law claim. Where, as here, the only federal claim has vanished before trial and the remaining state-law claim raises a knotty and unresolved question of state law, dismissal without prejudice typically will be a prudent option. See *Houlton Citizens' Coal. v. Town of Houlton*, 175 F.3d 178, 192 (1st Cir. 1999)." *Lawless v. Steward Health Care System, LLC,* 894 F.3d 9, 20 (1st Cir. 2018) (upholding the refusal to remand supplemental state claims, but only because parties waived remand after the federal question claim expired). Though *Lawless* is the leading case regarding this remand request, there the parties waived remand. Here, unlike in *Lawless,* Plaintiff did not waive remand. At his first opportunity, he seeks a remand, assuming this Court grants him leave to amend solely to remove the ERISA claim and solely to gain the State court's more protective avenue, in light of *Ferman v. Sturgis Cleaners, Inc.*

Toward that end, remanding promotes judicial economy, convenience, fairness, and comity. Here, had the matter remained in state court, Defendants would have engaged in the exact same initial ERISA discovery.

6

As the employer, Defendants forced employees to endure ERISA deductions from their Prevailing Law wages. This forced Plaintiff between a rock and a hard place when he filed his original complaint, given the rules requiring that he bring all claims at once. Originally, Plaintiff had substantial evidence that Defendants did not timely or properly pay ERISA deductions into a plan. After Initial Disclosures and finally obtaining Defendants' ERISA documents, Plaintiff is better positioned to determine the value of pursuing ERISA claims.

Finally, in the event this Court does grant leave and allow this Motion to Amend, Plaintiff requests that his attached *Proposed* 1st Amended Complaint be deemed filed and served as of the date so allowed. For all the above reasons, Plaintiff respectfully requests that this Motion to Amend be ALLOWED, and the Court order that his remaining claims be REMANDED.

>
> Respectfully Submitted, Plaintiff
> by and through his attorney,
> /s/ Mickey Long
> Mickey Long, BBO #634388
> 193 Old Colony Avenue
> P.O. Box E-1
> Boston, MA 02127
> Tel   (617) 269-0229
> Fax  (617) 765-4300
> mickeylong@outlook.com.

February 1, 2022

### CERTIFICATE OF SERVICE

I, Mickey Long, certify that on February 1, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any party that has entered an appearance by electronically serving its counsel of record or *via* email.

/s/ Mickey Long
Mickey Long

To:   Attorney Michael P. Sams   mpsams@KSlegal.com
        Attorney Laura M. Raisty    lmraisty@KSlegal.com